294

Commonwealth, Department of Transportation,
Bureau of Traffic Safety *v.* Richard
Andrew Stuart.

Argued March 11, 1971, before Judges CRUMLISH, JR., MANDERINO and MENCER, sitting as a panel of three.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

No appearance for appellee.

Opinion by Judge Crumlish, Jr., April 22, 1971:

This is an appeal from an order of the Common Pleas Court of Chester County reversing the revocation of and reinstating appellee's operator's license. The revocation of that license complied with the mandate of The Vehicle Code and should have been upheld. The order of the court below is reversed.

Section 604.1(a) of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 P.S. §604.1, as amended, provides in part, as follows: "(a) No operator's license shall be issued to any person under eighteen (18) years of age, except the junior operators' licenses may be issued to minors who have arrived at the age of sixteen (16) years but who have not reached the age of eighteen years, . . . [E]ach applicant for such a license shall submit with his application an affidavit of a parent or person in loco parentis indicating the age of the applicant and indicating his consent to the issuance of such license."

Under the provisions of this section, Richard Andrew Stuart was issued a junior license on August 5, 1969, having become sixteen on July 23, 1969. Parental consent for the junior license was given by his mother with whom he lived.

On June 8, 1970, the mother withdrew her parental consent and requested that the junior license be revoked. Section 604.1(a) provides for such revocation as follows: "Upon receipt of a withdrawal of consent, duly acknowledged by the parent or person in loco parentis who executed the consent, on the basis of which a junior operator's license . . . was issued, the Secretary shall, provided the licensee has not reached the age of eighteen (18) years, revoke such junior operator's license."

While the requested revocation was being processed, the licensee, with the consent of his grandmother, with

whom he lived for a time, applied for and the Department issued a regular license under Section 604.1(b) on August 5, 1970. That section provides that seventeen (17) year olds who have completed an accredited driver training course may receive regular licenses upon the consent of "a parent or person in loco parentis."

On August 26, 1970, the Bureau of Traffic Safety revoked Stuart's license privileges based upon the withdrawal of his mother's consent. Upon petition and hearing, the Court of Common Pleas of Chester County ordered the restoration of the license. That order was erroneous and must be reversed.

The regular license issued August 5, 1970 was invalid *ab initio*. To issue such a license, consent of a parent or person *in loco parentis* is required. It is evident from the record that the grandmother of the appellee had not achieved this status. A person *in loco parentis* is deemed to have rights, duties and liabilities with respect to the child equivalent to those of a lawful parent, *Commonwealth v. Cameron,* 197 Pa. Super. 169, 116 A. 2d 336 (1955). Clearly, the intent of providing for consent by a person *in loco parentis* was to enable the licensing of a child who was either without a parent or over whom his parent(s) would not or could not exercise the legislative right to control a child's license privileges. The Act did not intend that the consent of any relative would negative the control and authority of the natural parents under circumstances such as are presented here. It certainly did not intend the use of subterfuge to circumvent the purpose of limited licenses to children.

Since the regular license issued August 5, 1970 was invalid, the junior license issued upon the consent of the licensee's mother was still valid as of August 26, 1970. On that date, the Bureau revoked that license pursuant to Section 604.1(a) upon receipt of notice of the withdrawal of parental consent. In addition, Sec-

tion 604.1(a) provides that the revocation shall continue until the licensee has attained eighteen years of age. In that the appellee is not as yet eighteen, the revocation is still effective and the order of the court below reinstating his license is reversed.